## GOEBEL *v.* GROSSE POINTE WATERWORKS.

Water Rates—Reasonableness.

* Complainant's house and grounds were piped with 1½-inch pipe. He put a 2-inch connection into defendant's main, under a verbal promise that his rate would be reasonable. Soon after, the defendant fixed rates based upon the size of the connection. *Held*, that the rate was reasonable, and that complainant must pay according to the size of his connection rather than the size of his pipe at some point beyond the connection.

Appeal from Wayne; Carpenter, J.    Submitted Apri 4, 1901.    Decided April 16, 1901.

Bill by August Goebel against the Grosse Pointe Waterworks to enjoin defendant from cutting off complainant's supply of water, and to determine a reasonable rate therefor.    From a decree for complainant, defendant appeals.    Reversed.

The defendant is a corporation organized in 1890, under the laws of this State, for the purpose of supplying water to the inhabitants of Grosse Pointe.    Grosse Pointe is mainly occupied for summer residences by wealthy people of Detroit.    Complainant's premises have a frontage of 150 feet on Jefferson avenue, and extend 1,100 feet to Lake St. Clair.    His residence stands about 90 feet from the lake.    Prior to 1890, each resident had supplied his own water by windmills or steam pumps.    This was unsatisfactory, both on account of smoke and expense.    In September, 1889, 18 of the residents, for the purpose of establishing waterworks, entered into an agreement to pay for three years the sum set opposite their respective names for a supply of water from the proposed waterworks.    These sums varied from $100 to $300.    The

---

* Head-note by Grant, J.

waterworks were established, and the sums paid in accordance with said agreement for the period of three years. These sums exceeded the rates that would be charged based upon the size of connections with the main. Complainant was not one of those subscribers, but in 1893 he made connection with the main under a promise from Mr. Newberry, the treasurer of the company, that his rate would be reasonable. Shortly after complainant's connection with the main was made, the company fixed the following water rates: "½-inch connection, $18 per year; ¾-inch connection, $25 per year; 1-inch connection, $50 per year; 1½-inch connection, $75 per year; 2-inch connection, $100 per year." This rate applied to all consumers alike, regardless of the time their residences were occupied. A few occupied their residences all winter, while the most were occupied only during the summer. Complainant was informed by the engineer of the defendant that he must make his own connection. He employed some men from the city waterworks to do so. They put in a 2-inch connection. Each resident had piped his grounds and buildings with pipe of various sizes, running from a half inch up to 2 inches. Complainant had put in 1½-inch pipe. From 12 to 18 inches from the connection, the 2-inch pipe was connected with a 1½-inch pipe. Complainant was charged at the rate of a 2-inch connection. He declined to pay. The defendant threatened to cut off his water, whereupon he filed this bill to restrain the threatened action of the defendant, and to have the court determine the reasonable rate that he should pay. The court below found that he should pay for 1½-inch connection, rather than a 2-inch connection, upon the theory that he received only the quantity of water that would pass from a 1½-inch connection.

*Edwin F. Conely* and *Orla B. Taylor*, for complainant.

*Wells, Angell, Boynton & McMillan*, for defendant.

GRANT, J. (*after stating the facts*). We think the court was in error. The rates established are not sufficient to pay the expenses of the company and the interest on its bonded indebtedness. Several of the consumers voluntarily pay $1,450 per year in excess of the established rates in order to keep the works running. Should this be discontinued, an increase in the rates would be required. The complainant has failed to establish the fact that his rate is unreasonable. The court below found that the scale of prices was not too high, as under the scale it made no money.

Whether more water would be forced through an inch and a half pipe with a two-inch connection than an inch and a half connection does not appear. The quantity forced through a pipe depends, not only upon the size of the pipe, but upon the pressure to which the water is subjected.

But, aside from this, we think the defendant possessed the right to fix the rates according to the size of the connection. A consumer cannot defend against this rate upon the ground that at some distance from the main connection his pipe is reduced to a less size than that of the main connection. When complainant raised the question with defendant, he was promptly notified that he could make a 1½-inch connection, which would cost but a trifle, in which event he would be charged only at that rate. It would be unreasonable to hold that defendant must ascertain that somewhere between the connection and the faucets his pipe is reduced from a larger to a smaller size, and then charge a rate according to the smaller size. The connection with the main is the logical place for determining the rates at which consumers should be charged. It is no hardship for consumers to comply with this requirement, and put in a connection to correspond with the size of the pipe.

The decree is reversed, and bill dismissed, with the costs of both courts.

The other Justices concurred.